17-1834-cv
*Hoefer v. Eastwood, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand and eighteen.

Present:
            ROBERT D. SACK,
            PETER W. HALL,
            CHRISTOPHER F. DRONEY
                *Circuit Judges.*

_____

Francis E. Hoefer,

            *Plaintiff-Appellee,*

v.                                                                          17-1834-cv

Dr. Kenneth Eastwood,

            *Defendant-Appellant,*

Board of Education of the Enlarged City School
District of Middletown, William Geiger, John Doe
1, John Doe 2,

            *Defendants.*

_____

*For Plaintiff-Appellee*:              MICHAEL H. SUSSMAN, Sussman & Associates,
                                       Goshen, NY.

1

17-1834-cv
*Hoefer v. Eastwood, et al.*

*For Defendant-Appellant*:     HOWARD M. MILLER (John F. McKay, III, Richard S. Finkel, Jessica C. Moller, *on the brief*), Bond, Schoeneck & King PLLC, Garden City, NY.

Appeal from a decision entered June 6, 2017, in the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Dr. Kenneth Eastwood appeals from the district court's denial of qualified immunity with respect to Francis Hoefer's First Amendment claim against him. "[W]e have jurisdiction to review the denial of qualified immunity on an interlocutory basis provided . . . we can determine that issue as a matter of law." *Coollick v. Hughes*, 699 F.3d 211, 218 (2d Cir. 2012). "We . . . have jurisdiction over the appeal to the extent it is based on either the undisputed facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiff]'s version of the events." *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003).

Eastwood asserts that the undisputed evidence shows he did not personally participate in any alleged First Amendment violation and, for that reason, cannot be held liable under 42 U.S.C. § 1983. *See Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) ("[I]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation omitted)). Assuming Eastwood has preserved this argument for appeal, he relies on disputed facts to support that argument. The

2

video footage of the school board meeting does not lead to the undeniable conclusion, as Eastwood would have us determine, that he played no part in preventing Hoefer from speaking that evening. Because a jury could reasonably interpret the video footage as evidence of Eastwood participating in the alleged violation, genuine issues of fact exist as to this issue, and we cannot determine qualified immunity as a matter of law. We therefore lack jurisdiction over this appeal. *See DiMarco v. Rome Hosp. & Murphy Mem'l Hosp.*, 952 F.2d 661, 666 (2d Cir. 1992).

We have considered Eastwood's remaining arguments in favor of appellate jurisdiction and find them to be without merit. This appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk